3-12-0638 People of the State of Illinois, athlete by Mark Hostow v. Gabriel Mora, appellate by Neil Patel Mr. Patel? Yes, Your Honor. May it please the Court, Counsel, Bailiff, and the Clerk, my name is Neil Patel and I represent Gabriel Mora in this case, who is the appellant. Mr. Mora was found guilty after a jury trial of Class X possession of cocaine with intent to deliver. The only issue I believe raised on appeal is whether or not the jury could have rationally found guilt based on the facts that were presented. More specifically, I think the issue is whether or not there was sufficient evidence presented that the defendant knowingly possessed the contraband in question. In reviewing the record in this case, there are apparently five pieces of evidence which were used to convict the defendant to demonstrate that he had knowing possession. The first of which being that he was the driver and the sole occupant of the vehicle. The second is that he fled from the scene following a traffic stop. The third and the fourth pieces of evidence are a shoebox and a fingerprint found on that shoebox, which I'll address at the same time. And the fifth was that cocaine was found on his purse. It's my position, Judge, that these pieces of evidence do not rise to the level to demonstrate knowing possession. While it is true that an inference may be drawn by the fact that a driver of the vehicle who is the sole occupant can lead to an inference of possession, that inference is only present absent other circumstances. And I believe those absent other circumstances suggest that if there are factors that are present, which suggests other information, that he is not merely the only person who is in control of this vehicle, that that inference should not be drawn. In this case, the record indicates that he was not the owner of the vehicle. The contraband in question was found in the bed area of the truck, where there was a physical barrier separating him. He could not have exercised control over that contraband while he was the driver. And that the contraband was also underneath several blankets and thus not easily visible to him. In our briefs, we cited to the Janus case. In that case, Mr. Janus was found guilty. But one of the things that the court indicated that he is in control and can likely know what is in his vehicle when he has 200 pounds of burglary tools which are easily visible. In contradiction to this case, Judge, the contraband in question was hidden away from view. And I believe that when we start to take away to show that the possession or being the driver of the vehicle does not give rise to that inference, then we take a look at some of the issues raised in People v. Gore where they say that there needs to be a demonstration of special or specific knowledge. And there is no evidence that suggests special or specific knowledge of the contraband in question. There are no statements, no eyewitnesses to indicate that he possessed those materials. The state in their brief, or I guess the appellee in their brief even indicates that they specifically write that the defendant had exclusive control of the truck and its contents at the time of the stop so that if he knew there was cocaine in the shoebox, he had knowing exclusive possession of it. If he knew, I think is the key issue there. There is no evidence to demonstrate that the defendant knew about the contents of that shoebox. Is this his truck? He is not the registered owner, Your Honor. And I believe the record shows that there was no inquiry or evidence put into the state that suggests that even though someone else might have been the registered owner, that he was in fact the actual owner, meaning he paid for the insurance or paid for the gas or paid for the upkeep. But the only evidence was that he was not the owner. So I don't believe, though, that that issue was fully addressed. For example, if he was a straw owner of the vehicle or the registered owner was merely a straw purchaser or something like that, but there was no evidence put forward to suggest that. The second issue is that the defendant did flee from the scene. I think the record establishes quite clearly the officer observed the defendant prior to the traffic stop, realized there was a warrant outstanding for his arrest, pulled the vehicle over and engaged in, I guess, what they typically call a felony stop by ordering him out of the vehicle, perhaps at gunpoint, issuing commands, as opposed to a typical traffic stop where the officer approaches the vehicle. And at some point, the defendant gets in his vehicle, gets out of his vehicle, and flees from the scene. But the evidence is also uncontroverted that, one, he had cocaine on his person, and that, two, that there was a warrant outstanding for his arrest. There's even evidence in the record that suggests that prior to the traffic stop, the officer made observations to the defendant, which one could interpret as, like, a suspicious exchange between the two. That suggests that the defendant himself was aware that he had a warrant outstanding for his arrest on an unrelated matter, and that when he was pulled over, that was the issue on his mind, or the fact that when being ordered out of the vehicle, being shouted commands in both Spanish and English, after apparently not engaging in any traffic violations, that he realized, it's the cocaine in my pocket. I could get in trouble for that as well. But even more specifically, again, the inference of flight can lead, or excuse me, evidence of flight can lead to an inference of guilt if there is a demonstration of two things, the first of which is that the defendant has knowledge that the crime in question has been committed, and the second is that the defendant has knowledge that he is a suspect of that crime. I don't believe the evidence shows that he knew, again, going back to the earlier issues, that there was cocaine in the bed of the truck, but more specifically, there was nothing to show that he was a suspect for that eventual crime. I would even argue that the officer himself, who began this case, wasn't aware that there could be cocaine in the trunk. The appellee also indicates that because the defendant fled, it shows that he had knowledge of a possible arrest. That's actually not the standard. It's whether or not he had knowledge of being a suspect in the crime that he was charged for, in this case, the Class X felony. But you're trying to say that the crime he was running away from was possession in an outstanding warrant, not necessarily a crime, but he was subject to an outstanding warrant. Correct. I would argue that the evidence would show that, based on that exchange between the officer and the defendant prior to this traffic stop, that he was aware that there was something suspicious going on, as he did recognize a police officer, and then he was being pulled over for it. So that was a reasonable inference. Was that argued before the jury at trial? I do not know, Your Honor. We were not the trial attorneys for the defendant. I do know that counsel vigorously objected to putting in evidence of any of the cocaine evidence, so I can only assume that he attempted to minimize that particular evidence in terms of its position to the jury. I can't agree. Which cocaine evidence? You mean that on his person? On his person. Oh. The third piece of evidence that we're looking at here is a shoebox and a fingerprint on that shoebox. The defendant was wearing shoes that came from the shoebox containing the contraband in question. I'm not going to argue that. I believe that the reasonable inference can be drawn from that. The defendant's fingerprint was on the outside of the shoebox, and the shoes were apparently purchased eight days earlier. But the only evidence that that shows is that at some point the defendant had access to the shoebox, removed the shoes. Can it be argued that he owned the box that the cocaine was found inside of? He might not have owned the truck, but by golly, his fingerprint was on that box. That is correct, Judge. That is a possibility. And the shoes were on his feet. Correct. But the same argument can also be made that if he owns a box, somebody else can have access to that just as easily as he's driving someone else's truck. So I don't believe ownership of the box is necessarily dispositive of the issue of possession. The issue really is control over the box, not merely just the ownership of the box. But what's lacking is fingerprints of anything from the contents of the box. The baggie, the officer said, doesn't contain fingerprints. Well, the items that can hold fingerprints, the scale, the drug-cutting equipment, the interior of the box itself, none of that was ever checked to suggest at some point the defendant actually touched the contents of the inside of the box or the inside of the box itself. I would ask the Court to consider when it removes shoes from the shoebox, I don't touch the inside of the box. I just take out the shoes and put the paper back in and throw the box away. There you go. He didn't throw the box away, though, did he? No. So there's the difference. What is our standard of review? Judge, I believe the Court has to find that no rational jury could have returned with a verdict in this case, effectively stating that the jury's returning of a guilty finding is completely unreasonable and against the weight of the evidence. The appellee argues, as it relates to the shoes and the fingerprints, that the officer who had the control over this didn't have these materials tested, but it wasn't demonstrated at the trial level that he didn't have a motive or bias or interest to have these items tested. Clearly, having fingerprints on the cutting agents would go a great deal in showing whether or not the defendant knowingly possessed these items. And his response to why he didn't do that was, it's not illegal to possess acetone or inistapol powder. Well, this is a cocaine case. The officer clearly testified that these are items of contraband associated with the cocaine trade. It seems reasonable and completely logical to have those items tested. Instead, he chose not to test those items. He chose to test the item which, by his own admission, doesn't hold fingerprints, or by the admissions of the State's witnesses, does not hold fingerprints very well. And I would argue again that that has to go to whether or not the jury could reasonably find that the defendant had knowledge in this case. Finally, as it relates to the cocaine on the defendant's person, the State attempts to say that, well, because he had cocaine on him and there was cocaine in the bed of the truck, he had possession of the cocaine in the bed of the truck. The record is completely void to suggest that the cocaine in the bed of the truck is in any way, shape, or form similar by way of purity, color, packaging, or anything like that to the cocaine folded up that was found in his coin pocket. But even more specifically, the record completely contradicts the State's argument that somehow the cocaine on his person demonstrates knowledge of the cocaine in the vehicle because the State's expert indicates he has never encountered a situation where a user of cocaine or a mere possessor of cocaine also has the cutting agents, the scales, the volume of drugs. And so I would argue that the State, in indicating various issues relating to possession with intent in its brief, Judge, I would reasonably concede the issue that if the court finds that the defendant had knowledge of it, possession with intent is certainly demonstrated by the weight, the cutting agents, the use of the scale. So that's not what the issue is, though. The issue is whether or not the defendant had knowledge of the contents of that truck or the contents of that shoebox. I do not believe that the evidence in this case demonstrated guilt beyond a reasonable doubt, and I do not believe that the jury should have made that finding. I think the court will decide. Thank you. Mr. Austin? May it please the Court? The defendant, of course, was convicted of unlawful possession of a controlled substance with intent to deliver, and the people were required to prove that he had knowledge of the presence of the cocaine, possession or control over the cocaine, and intended to deliver that cocaine. And, of course, in his main briefing here, he really only argues that the people did not prove the knowledge element. I won't detail the facts. This is a constructive possession case, and I think defense counsel has adequately laid out the general facts of the case. To prove the knowledge element, though, the people were required to prove the defendant had knowledge of the cocaine hidden in the bed of the pickup, and this court has found that knowledge is rarely shown directly, but may be shown by evidence of defendant's acts or conduct from which knowledge can be inferred. Now, the defendant's initial act of quickly looking away from the officer official when he first saw him at the intersection aroused a suspicion. So then the defendant, of course, refused to obey the officer's commands after they had been arrested, and then, of course, he ran. The fact that the defendant ran, of course, tends to prove his guilt. But the counsel is saying it's really reasonable to say guilt of having this on his person and being subject to an outstanding warrant. Well, certainly that's a possibility, but the reasonable inferences must be viewed in the likemost way to the prosecution. I mean, because he's got cocaine on his person and he's got an outstanding warrant, that would be a possible reason for him to run. But a better reason to run is because you get 56.7 grams of cocaine sitting in the back of the bed of the truck right behind you. In a shoebox while you're wearing the shoes that used to be in the box. Exactly, exactly. Now, the fact that the cocaine is found in the truck under his possession also infers his knowledge and possession of the cocaine by the defendant. The record shows that he was not registered to own the truck, as the defendant has noted, but it is important to remember that at the time Officer Fisher ran the plate, the response he received indicated that the defendant was likely to be in possession of the truck, which shows that the defendant had a history of being the driver of this particular vehicle. He was already known, otherwise he wouldn't have come through on that search of his plate. Since he's not the registered owner, it would not be a reasonable thing to normally have show up. Now, inside the truck was a receipt for the Livestrong armband and for the same shoes that the defendant was wearing at the time he was arrested. It's really unreasonable to believe that it was coincidence that the same style armband that was in the shoebox with the cocaine, or that the defendant did not have knowledge that that armband was in the box. It's more reasonable to believe that the defendant put the armband in the shoebox. The defendant didn't own the pickup he was driving, but the fact that he alone had control over the truck, and therefore over the area where the drugs were found, infers knowledge which is sufficient to sustain a conviction and a theory of constructive possession. The defendant's thumbprint on the shoebox, which of course may have been placed there at the time he bought the shoes, but it's unreasonable to believe that without his knowledge, someone else obtained the shoebox and put into it 56.7 grams of cocaine and items needed to cut away the cocaine for sale, and then still without his knowledge, just let him drive around town with a large and valuable load of cocaine and a bit of a pickup. Given all the evidence, it's reasonable to believe that the $1,847 in cash that he had in person were the proceeds of cocaine sales. The defendant's flight from the officers and the fact that he alone possessed the truck, combined with all the other circumstantial evidence, proves beyond a reasonable doubt that the defendant had knowledge of and control over the cocaine and intended to deliver it. If people stand on the brief for all other argument, people ask this court to affirm the defendant's conviction. Thank you. Thank you. Mr. Patel? Just very briefly. As counsel pointed out, there was a suspicious glance made by the defendant towards the officer. I would argue that suspicious acts by themselves are not proof of guilt beyond a reasonable doubt. The state also argues that it's too incredulous to believe it's a mere coincidence that somebody else put cocaine in this box, but it is the state's burden of proof to demonstrate that they could have eliminated the possibility of coincidence or serendipity by adequately testing the materials inside that box. The fact that the armband that was also purchased at the time the shoe was found inside of the box only shows that the defendant put the armband in the box, perhaps at some point in time, perhaps not at a time where there were other items of contraband in there, to suggest that somebody else would put items in a truck and the defendant would not know that there's items in this truck. Judge, I've been practicing criminal law for quite a while. It's my position that criminals aren't very smart at what they do. But the issue is what is the evidence that shows that the defendant knew that the cocaine was in his truck at that time or in the truck at that time, and I don't believe the evidence raises to that. Do we know what the warrant was for? Is it in the record? I don't know if it was included in the record, Judge, but not during the trial portion of the case, certainly. That's all right, then we can't consider it. Yes. Thank you. Okay, we will be taking this matter under advisement and recessing. Short recess for a panel change. Court is now in recess. Last one, yep. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.  Thank you.